IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

Plaintiff,

v.

ROBYN CAFASSO, in his individual and official capacity,
WILLIAM EDIE, in his individual and official capacity,
JEANIE SMITH, in her individual and official capacity,
DAVID ZOOK, in his individual and official capacity,
JOHN NEWSOME, in his individual and official capacity,
DAN MAY, in his individual and official capacity,
LINDA DIX, in her individual and official capacity,
RAYMOND SANTISTEVAN, in his individual and official capacity,
RONALD WILKINS, in his individual and official capacity,
ANDREA WALTON, in her individual and official capacity,
DEBBI PARR, in her individual and official capacity,
JOHN RUSZCZYK in his individual and official capacity, and
JOHN DOE, JANE DOES, DOES 1-X,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following motions filed by the defendants:

1. **District Attorney Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [Doc. # 53, filed 10/18/2010];

2. **State Probation Officer Defendants' (Raymond Santistevan, Ronald Wilkins, Andrea Walton, Debbie Parr, John Ruszczyk) Motion to Dismiss** [Doc. # 54, filed 10/18/2010]; and

      3. **District Attorney Defendants' and State Probation Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint** [Doc. #50, filed 10/04/2010].

Also pending are the following motions filed by the plaintiff:

      1. **Plaintiff's Motion and Notice to Determine Constitutionality and of C.R.S. 18-1.3-204(4) . . . Pursuant to FedCivP 5.1** [Doc. #26, filed 08/27/2010];

      2. **Information for Temporary Restraining Order** [Doc. #31, filed 09/15/2010];

      3. **Plaintiff's Motion for Clarification** [Doc. #37, filed 09/17/2010];

      4. **Motion for Appointment of Counsel** [Doc. #47, filed 09/27/2010]; and

      5. **Renewed and Supplemental Motion for Appointment of Counsel and Motion for Enlargement of Time to Respond Expedited Ruling Requested** [Doc. #59, filed 10/19/2010].

I respectfully RECOMMEND that the defendants' motions to dismiss be GRANTED as stated below; the defendants' motion to strike be DENIED WITHOUT PREJUDICE; and that all other motions be DENIED AS MOOT.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendants seek dismissal of this action on many bases, including lack of subject matter jurisdiction. The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the

> complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed his Complaint [Doc. #1] on August 4, 2010. The Complaint contains the following allegations:

1. The plaintiff was charged with various white collar crimes that allegedly occurred between 1992 and 1996. *Complaint*, ¶ 18.

2. In January 2002, a jury found the plaintiff guilty of theft, a class 3 felony, in the El Paso County District Court, Case No. 95CR3134. Id. at ¶ 21.

3. Just prior to sentencing, the trial judge admitted he erred in not appointing counsel for the plaintiff. He appointed counsel for sentencing but denied the plaintiff's motion for a new trial. Id. at ¶ 22.

4. In July 2002, the plaintiff was sentenced to 6 years in the Colorado Department of Corrections and 5 years mandatory parole. Id. at ¶ 23.

5. In June 2003, Judge Donald Campbell reversed the plaintiff's conviction and sentence in Case No. 95CR3134. The plaintiff was released from custody after serving approximately 16 months. Id. at ¶ 24.

6. The State successfully appealed the reversal. Id. at ¶ 25.

7. In October 2004, the plaintiff was convicted of securities fraud in Case No. 96CR1193. The plaintiff appealed this conviction in early 2005 (appellate Case No. 05CA0764). Id. at ¶ 26.

8. In February 2006, the plaintiff entered an Alford plea in Case No. 96CR1193 (the "Plea Agreement") "based upon an agreed 12 years probation and an agreement by the District Attorney not to move to revoke or increase the 'appeal bonds in cases 96CR1193 and 95CR3134,' that Plaintiff's terms of probation would be transferred to California via the Interstate Compact, subject only to acceptance by the State of California, permission to travel for business, family and medical reasons and otherwise subject to the Standard Conditions of Probation then in effect." Id. at ¶ 27.

9. In May 2007, the Colorado Supreme Court "affirmed the reversal of Judge Campbell's vacation of Plaintiff's conviction and sentence in case 95CR3134." Id. at ¶ 28.

10. In violation of the 2006 Plea Agreement, defendant Cafasso moved to revoke the plaintiff's bonds and requested that the plaintiff be taken into custody and resentenced to a term in the Colorado Department of Corrections.

11. On June 21, 2007, Judge Robert Lowrey reinstated the plaintiff's conviction and sentence and awarded credit for time previously served. Judge Lowrey denied a stay of execution and denied the plaintiff an appeal bond. Id. at ¶ 29.

12. The plaintiff was released on parole on February 29, 2008. He was subsequently placed on an appeal bond by Judge David Cole. Id. at ¶ 30.

13. The initial appeal in Case No. 95CR3134 was filed in August 2002. The appeal became moot and was dismissed without prejudice in August 2003 when Judge Campbell vacated the plaintiff's conviction and sentence. Id. at ¶ 31. The appeal was reinstated in July 2007 after the plaintiff's conviction and sentence were reinstated. Id. at ¶ 32.

14. The designation of the record in Case No. 95CR3134 was filed in August 2002. The designation of the record in Case No. 96CR1193 was filed in early 2005. The El Paso County Clerk has been unable to complete either record on appeal. Id. at ¶ 33.

15. "On information and belief the Defendants, jointly and severally, individually and in the official capacities, . . . knowing that Plaintiff would surely prevail on appeal, conspired to obstruct justice and to deny Plaintiff his right to due process in order to see that Plaintiff would serve his sentences before there was any possibility of reversal on appeal due to their failure to provide the Records on Appeal over a period of approximately 6 years." Id. at ¶ 34.

The Complaint asserts five claims, numbered One, Two, Three, Four, and Six. There is no Claim Five. The plaintiff filed a supplement to the Complaint [Doc. #30] ("First

5

Supplement") which asserts Claims Seven and Eight. He filed a second supplement to the Complaint [Doc. #44] ("Second Supplement") which asserts Claim Nine.[1]

Claim One asserts that the defendants conspired to violate the plaintiff's due process rights and obstruct justice by presenting false information to a Grand Jury; presenting false and/or misleading information to the El Paso County District Court; suborning perjury; and committing wire and mail fraud. Id. at pp. 13-14. "By doing so, Defendants committed more than 3 predicate acts of Racketeering as defined by U.S.C. 18 §§ 1961 - 1968." Id. at 14.

Claim Two alleges that the defendants conspired to violate the plaintiff's due process rights and obstruct justice by delaying the completion of the plaintiff's records on appeal in cases 95CR3134 and 96CR1193. Id. at p. 15. "By doing so, Defendants committed more than 3 predicate acts of Racketeering as defined by U.S.C. 18 §§ 1961 - 1968." Id. at p. 16.

Claim Three alleges that the defendants conspired to violate the plaintiff's due process rights and obstruct justice by violating the terms of the Plea Agreement and by destroying and concealing evidence material to the plaintiff's defense. Id. at pp. 17-18. "By doing so, Defendants committed more than 3 predicate acts of Racketeering as defined by U.S.C. 18 §§ 1961 - 1968." Id. at p. 18.

Claim Four alleges that the defendants conspired to tortiously interfere with the plaintiff's present and prospective business relationships "by improper contact and interference

---

[1] The defendants have moved to strike the plaintiff's Second Supplement [Doc. #50]. I make no recommendation regarding whether the plaintiff should be permitted to file the Second Supplement. I do, however, recommend that the defendants' motion to strike the Second Supplement be denied without prejudice subject to reassertion at a later time, if necessary.

6

with Plaintiff's employer, Clients and/or Vendors, Landlords, and employment opportunities." Id. at p. 19.

Claim Six alleges that the defendants' breach of the Plea Agreement caused the plaintiff to have Post Traumatic Stress Disorder, and the defendants conspired to "impart personal injury upon Plaintiff by deliberately triggering Plaintiff's Post Traumatic Stress Disorder at every possible occasions [sic]." Id. at pp. 21-22.

Claim Seven is titled "Breach of Contract" and alleges that the defendants conspired to violate the plaintiff's due process rights and obstruct justice by breaching the Plea Agreement. *First Supplement*, pp. 3-5. "By doing so, Defendants committed more than 3 predicate acts of Racketeering as defined by U.S.C. 18 §§ 1961 - 1968." Id. at p. 5.

Claim Eight alleges that the defendants violated his due process rights and breached the implied covenant of good faith and fair dealing when they conspired to "fraudulently deceive and induce" the plaintiff to enter into the Plea Agreement knowing that it was impossible to fulfill the terms of the agreement. Id. at pp. 7-13.

Claim Nine alleges a violation of the plaintiff's due process rights, racketeering, obstruction of justice, and perjury. Specifically, the claim alleges that from at least 2006 "and continuing to date," the El Paso District Attorney defendants conspired to delay the completion of the plaintiff's records on appeal in El Paso County District court cases 95CR3134, 96CR1193, "as well as the separate appeal in case 96CR1193 relating to improperly and unconstitutionally changing conditions of probation" so that the plaintiff would serve his sentences before any appeal could be heard. *Second Supplement*, pp. 3-4. "As of 24 September 2010, the Records in

these 3 cases are still materially inaccurate, materially incomplete and missing material transcripts and trial exhibits." Id. at p. 4.

The plaintiff is suing the defendants in both their official and individual capacities. *Complaint*, caption. For each claim except Claims Four and Nine, the plaintiff seeks 25 million dollars in compensatory damages. In Claim Four, he seeks 75 million dollars in compensatory damages. In the First Supplement, he seeks specific performance of the Plea Agreement. *First Supplement*, ¶¶ 4, 7. In the Second Supplement, he seeks to vacate any convictions in cases 95CR3134 and 96CR1193, and he seeks specific performance of the Plea Agreement. *Second Supplement*, ¶ 6. The plaintiff also seeks punitive damages and requests that "the alleged continuing criminal and ethical violations alleged herein be referred to the Office of Attorney Regulation for investigation and prosecution."

In addition, Plaintiff's Motion and Notice to Determine Constitutionality and Notice to Determine Constitutionality of C.R.S. 18-1.3-204(4) . . . Pursuant to FedCivP 5.1 [Doc. #26] and the Information for Temporary Restraining Order [Doc. #31] both seek an order enjoining the State of Colorado and/or the El Paso County District Court from "unconstitutionally" modifying the terms of the Plea Agreement pursuant to section 18-1.3-204(4), C.R.S.

### III.  ANALYSIS

#### A.  State Law Tort Claims

The defendants assert that the plaintiff's tort claims are barred by the Colorado Governmental Immunity Act (the "CGIA") because the plaintiff did not file notice of his claims as required by section 24-10-109(1), C.R.S. The defendants are asserting a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the

Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003.

In addition, determination of the notice issue does not touch on the merits of the case. See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56). See also Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 924 (Colo. 1993) (holding that when a public entity claims that it did not have proper notice under the CGIA, the issue must be decided as a Rule 12(b)(1) motion for lack of jurisdiction rather than a motion for summary judgment). Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

The CGIA, section 24-10-101 *et seq*., C.R.S., sets forth the circumstances under which a plaintiff may bring an action in tort against the state, its political subdivisions, and its employees. Mesa County Valley School District v. Kelsey, 8 P.3d 1200, 1203 (Colo. 2000). Section 24-10-109(1) requires:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred and eighty days after the date of discovery of the injury, regardless of whether the person then knew all the elements of a claim or a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

The notice must contain the name and address of the claimant; a concise statement of the factual basis of the claim; the name and address of the public employee(s) involved; a concise statement of the nature and extent of the injury; and a statement of the amount of monetary damages being requested. Id. at § 109(2). The notice must be filed with the attorney general if the claim is against the state or an employee of the state. If the claim is against any other public entity or an employee of a public entity, the notice must be filed with the governing body of the entity or the attorney representing that entity. Id. at § 109(3).

"The GIA's notice requirements are designed to permit a public entity to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim." City of Lafayette v. Barrack, 847 P.2d 136, 139 (Colo. 1993) (citations omitted).

"When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions." Aspen Orthopaedics & Sprots Medicaine, LLC v. Aspen Valley Hospital District, 353 F.3d 832, 840 (10th Cir. 2003). The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Trinity, 848 P.2d at 925.

The plaintiff does not dispute that he failed to plead compliance with the CGIA's notice provisions. "The CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit." City and County of Denver v. Crandall, 161 P.3d 627, 634 (Colo. 2007). The plaintiff has failed to demonstrate that he met the notice requirements as to

the claims against the defendants. Therefore, the motions should be granted insofar as they seek dismissal with prejudice of the plaintiff's state law tort claims.[2]

## B. Official Capacity Claims

The defendants state that the court lacks subject matter jurisdiction pursuant to Eleventh Amendment immunity to the extent they are sued in their official capacities. This is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). The Eleventh Amendment bars federal courts from granting monetary damages or injunctive relief against a state officials acting in their official capacities on the basis of state law. Pennhurst State School & Hospital v. Halderman, 465 U.S 89, 106 (1984).

---

[2]The plaintiff has brought state law claims for "breach of contract" and "bad faith and fraudulent deception in inducement of contract." *First Supplement*, Claims Seven and Eight. However, "the form of the complaint is not determinative of the claim's basis in tort or contract." Robinson v. Colorado State Lottery Division, 179 P.3d 998, 1003 (Colo. 2008). To determine whether the claims lies in contract or tort, the court must "assess the nature of the injury and the relief requested on a case-by-case basis through a close examination of the pleadings and undisputed evidence." Id. at 1004. Where the claim "is supported by allegations of misrepresentation or fraud," the claim is likely a tort claim. Id. at 1005. "[C]laims that could arise in both tort and contract are barred by the CGIA." Id. at 1004.

Claims Seven and Eight are supported by allegations of the defendants' misrepresentations and fraudulent behavior. In addition, the plaintiff seeks 25 million dollars in compensatory damages as well as punitive damages. Therefore, the plaintiff's purported contract claims could arise in tort, and they are barred by the CGIA.

Eleventh Amendment immunity also applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979). The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S at 102-03,105-06.

As Probation Officers, defendants Santistevan, Wilkins, Walton, Parr, and Ruszczyk are officers of the state. The remaining defendants are District Attorneys. District attorneys' offices are arms of the state. E.g. Rozek v. Topolnicki, 865 F.2d 1154, 1158 (10th Cir. 1989); Romero v. Boulder County DA's Office, 87 Fed. Appx. 696, 698, 2004 WL 100523, at *1 (10th Cir. Jan. 22, 2004); Bragg v. Office of the District Attorney, Thirteenth Judicial District, 2009 WL 2151333, at *26-30 (D.Colo. July 16, 2009). Therefore, the District Attorneys are state officials.

The Eleventh Amendment bars the plaintiff's state law claims in their entirety against all of the individual defendants in their official capacities. The Eleventh Amendment also bars the court from hearing the plaintiff's federal claims for money damages against the individual defendants in their official capacities. Pennhurst, 465 U.S at 106. The Eleventh Amendment does not bar claims for prospective injunctive relief in order to end a continuing violation of federal law. Ex parte Young, 209 U.S. 123 (1908).

### B. Younger Abstention

The defendants assert that the court lacks subject matter jurisdiction over this case under the rule of Younger v. Harris, 401 U.S. 37 (1971). Challenges pursuant to Younger are factual challenges to this court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations of the pleadings. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The Tenth Circuit Court of Appeals has explained <u>Younger</u> abstention as follows:

> Under the <u>Younger</u> abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief-- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-- when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances. As [the] court stated in <u>Amanatullah [v. State Bd. Of Medical Examiners</u>, 187 F.3d 1160 (10th Cir. 1999)]:
>
> "A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

<u>Weitzel v. Division of Occupational and Professional Licensing of the Dept. of Commerce of the State of Utah</u>, 240 F.3d 871, 875 (2001) (internal citations omitted).

The policy underlying <u>Younger</u> abstention is comity--"[t]hat is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." <u>Younger</u>, 401 U.S. at 44. "Central to <u>Younger</u> was the recognition that ours is a system in which 'the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.'" <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 601 (1975) (quoting <u>Younger</u>, 401 U.S. at 44).

The Supreme Court has stated that "the relevant considerations of federalism" counsel "heavily toward federal restraint" when relief from an ongoing state judicial proceeding is sought:

> [I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles.

Huffman, 420 at 604.

Here, the plaintiff claims numerous violations of the Constitution and federal law based on events that arose out of his state proceedings. It is undisputed that the state cases are proceeding on appeal. The plaintiff does not argue, nor has he demonstrated, that he is unable to assert his claims in the state courts or that he lacks an adequate remedy in the state courts. Therefore, there are ongoing state criminal proceedings which provide an adequate forum for the plaintiff to assert his claims.

As to the third factor, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). Moreover, state appellate review of its lower courts' decisions is an important state interest and is a matter which traditionally looks to state law for resolution. In addition, allegations of fraud and official misconduct by a state's probation officers and by attorneys licensed by a state are matters of state interest of the first magnitude. Thus, the three

requirements of Younger abstention have been met, and this Court must abstain from jurisdiction over the plaintiff's claims for injunctive relief.

I am aware that the Younger abstention doctrine does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85 (1971). See also Younger, 401 U.S. at 54 (creating exception on "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997). "[I]t is the plaintiff's heavy burden to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889.

The Complaint and the supplements are replete with allegations of bad faith and harassment. However, the plaintiff's conclusory allegations--without more--fail to create an exception to Younger abstention.

Where a plaintiff asserts equitable claims and damage claims which are barred by the Younger abstention doctrine, the district court should dismiss the equitable claims. Meyers v. Garff, 876 F.2d 79, 80-81 (10th Cir. 1989). Where the federal claims for monetary relief would have a preclusive effect on the pending state proceeding, the court should not dismiss the action altogether. Rather, the court should stay the federal proceedings on the damage claims to preserve the availability of the federal forum for claims which may otherwise run afoul of the relevant statute of limitations.[3] Id.; Deakins v. Monaghan, 484 U.S. 193, 202-203 (1988); D.L.

---

[3]Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two

v. Unitifed School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004); Parkhurst v. State of Wyoming, 641 F.2d 775, 776-77 (10th Cir. 1981). A finding in this case that the defendants violated the plaintiff's constitutional rights would have a preclusive effect in the state court proceedings. Therefore, the damage claims must be stayed pending finality of the state proceeding.

The plaintiff's federal claims for equitable relief should be dismissed without prejudice, and the plaintiff's federal claims for monetary damages should be stayed until the state proceedings are final. The case may beneficially be administratively closed pending a showing of good cause to reopen by the plaintiff after the state proceedings are final.

## IV. CONCLUSION

I respectfully RECOMMEND the following:

1. The District Attorney Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Doc. # 53] and the State Probation Officer Defendants' (Raymond Santistevan, Ronald Wilkins, Andrea Walton, Debbie Parr, John Ruszczyk) Motion to Dismiss [Doc. # 54] be GRANTED as follows:

    a. All state law claims against the defendants be DISMISSED WITH PREJUDICE for failure to comply with the notice requirements of the CGIA;

---

years. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

    b. All federal claims against the defendants in their official capacities for retroactive monetary relief be dismissed as barred by Eleventh Amendment immunity; and

    c. Pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the plaintiff's federal claims for equitable relief be DISMISSED WITHOUT PREJUDICE and the plaintiff's federal claims for monetary damages be STAYED until the state proceeding is final;

  2. The case be administratively closed pending a showing of good cause to reopen by the plaintiff after the state proceedings are final;

  3. The District Attorney Defendants' and State Probation Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint [Doc. #50] be DENIED WITHOUT PREJUDICE; and

  4. The following motions be DENIED AS MOOT:

    a. Plaintiff's Motion and Notice to Determine Constitutionality and Notice to Determine Constitutionality of C.R.S. 18-1.3-204(4) . . . Pursuant to FedCivP 5.1 [Doc. #26];

    b. Information for Temporary Restraining Order [Doc. #31];

    c. Plaintiff's Motion for Clarification [Doc. #37];

    d. Motion for Appointment of Counsel [Doc. #47]; and

    e. Renewed and Supplemental Motion for Appointment of Counsel and Motion for Enlargement of Time to Respond Expedited Ruling Requested [Doc. #59].

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas</u>

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 7, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge
