IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

    Plaintiff,

v.

BOBYN CAFASSO;
WILLIAM EDIE;
JEANIE SMITH;
DAVID ZOOK;
JOHN NEWSOME;
DAN MAY;
LINDA DIX; (All in their individual and official capacities);
RAYMOND SANTISTEVAN;
RONALD WILKINS;
ANDREA WALTON;
DEBBI PARR; JOHN RUSZCZYK (All in their individual and official capacities); and
JOHN DOE, JANE DOES, DOES I-X,

    Defendants.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on a number of motions, including District Attorney Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), State Probation Officer Defendants' Motion to Dismiss, District Attorney Defendants' and State Probation Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint, and numerous motions filed by Plaintiff.  These motions were referred to Magistrate Judge Boland.  A Recommendation was issued by Magistrate Judge Boland on February 7, 2011, which is incorporated herein by reference.

Magistrate Judge Boland recommends that the Defendants' motions to dismiss be granted, Defendants' motion to strike be denied without prejudice, and that the other motions be denied as moot. (*See* Recommendation at 2.) As to the motions to dismiss, Magistrate Judge Boland finds that the state tort law claims should be dismissed with prejudice as Plaintiff failed to comply with the notice provisions of the Colorado Governmental Immunity Act ["CGIA"]. (*Id.* at 9-10). He also finds that the Eleventh Amendment bars Plaintiff's state law claims in their entirety as well as Plaintiff's federal claims for money damages against all the individual Defendants in their official capacities. (*Id.* 11-12.) Finally, the Recommendation finds that Plaintiff's federal claims for equitable relief, including his claim for injunctive relief, should be dismissed without prejudice, and Plaintiff's federal claims for monetary damages should be stayed or administratively closed until the state proceedings are final under the rule of *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* 12-16.)

Magistrate Judge Boland advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. Id. at 9. (Recommendation at 17-18). Despite this advisement, no objections were filed. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation

to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Boland's thorough analysis, including his findings regarding the CGIA, the Eleventh Amendment, and the rule of abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  These findings require dismissal either with or without prejudice of all claims except the federal claims for monetary damages.  As to the remaining federal claims, I agree with Magistrate Judge Boland's suggestion to administratively close the case in lieu of a stay.  (*See* Recommendation at 16.)  The Tenth Circuit has construed administrative closure as the practical equivalent of a stay.  *Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987).

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed February 7, 2011 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the District Attorney Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [ECF No. 53] and the State Probation Officer Defendants' (Raymond Santistevan, Ronald Wilkins, Andrea Walton, Debbie Parr, John Ruszczyk) Motion to Dismiss [ECF No. 54] are **GRANTED** consistent with the Recommendation.  The state law claims against Defendants and the federal claims against Defendants in their official capacities for retroactive monetary relief

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

are **DISMISSED WITH PREJUDICE**. The federal claims against Defendant for equitable relief are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that in lieu of a stay of the remaining claims by Plaintiff (the federal claims for monetary damages), the case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, pending a showing of good cause to reopen by Plaintiff after the state proceedings are final. It is

FURTHER ORDERED that the District Attorney Defendants' and State Probation Defendants' Joint Motion to Strike Plaintiff's Second Amended Complaint [ECF No. 50] is **DENIED WITHOUT PREJUDICE**. Finally, it is

ORDERED that Plaintiff's Motion and Notice to Determine Constitutionality and Notice to Determine Constitutionality of C.R.S. 18-1.3-204(4) . . . Pursuant to FedCivP 5.1 [ECF No. 26], Plaintiff's Information for Temporary Restraining Order [ECF No. 31]; Plaintiff's Motion for Clarification [ECF No. 37]; Plaintiff's Motion for Appointment of Counsel [ECF No. 47]; and Plaintiff's Renewed and Supplemental Motion for Appointment of Counsel and Motion for Enlargement of Time to Respond Expedited Ruling Requested [ECF No. 59] are **DENIED AS MOOT**.

DATED this 2nd day of March, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge