IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

    Plaintiff,

v.

BOBYN CAFASSO;
WILLIAM EDIE;
JEANIE SMITH;
DAVID ZOOK;
JOHN NEWSOME;
DAN MAY;
LINDA DIX; (All in their individual and official capacities);
RAYMOND SANTISTEVAN;
RONALD WILKINS;
ANDREA WALTON;
DEBBI PARR; JOHN RUSZCZYK (All in their individual and official capacities); and
JOHN DOE, JANE DOES, DOES I-X,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on several filings by Plaintiff.  On March 2, 2012, Plaintiff filed a "Motion for Reconsideration of His Previously Filed 'Plaintiff's Information for Temporary Restraining Order [ECF No. 31]; Plaintiff's Motion for Clarification [ECF No. 37]; Plaintiff's Motion for Appointment of Counsel [ECF No. 47]; and Plaintiff's Renewed and Supplemental Motion for Appointment of Counsel' All in Light of Reopening of the Case." On April 3, 2012, Plaintiff filed a similar motion for *de novo* review/reconsideration of motions filed by Plaintiff.

Plaintiff's motions for reconsideration relate to the Court's Order of February 14, 2012, which permitted Plaintiff to file a motion for reconsideration of the Court's March 2, 2011 Order. Plaintiff's motions do not, however, comply with that Order. Instead of filing a motion for reconsideration that addressed my March 2, 2011 Order affirming and adopting the Recommendation of February 7, 2011, and why the Order should be modified or set aside, he asks for de novo review of the underlying motions addressed by Magistrate Judge Boland. Plaintiff requests reconsideration of motions that were not even addressed in the Recommendation affirmed by my Order. This is not appropriate, as Plaintiff's motions for reconsideration are much broader than what I gave Plaintiff leave to file. Accordingly, Plaintiff's motions for reconsideration are denied. Plaintiff is, however, granted leave to file a proper motion for reconsideration that addresses my Order of March 2, 2011, and why he contends it should not have affirmed and adopted Magistrate Judge Boland's Recommendation.

The next issue I must address is the time frame for Plaintiff to file such a motion. Relevant to that issue are Plaintiff's "Notice of Clerk's Non-Compliance with 14 February 2012 Order [Docket # 107]" filed March 2, 2012 and "Notice of Non-Receipt of Documents Pursuant to 14 February 2012 Order [Docket # 107]" filed March 27, 2012. Those Notices relate to the portion of my Order of February 14, 2012, that directed the Clerk of Court to mail a copy of the filings in this case to the Plaintiff. Plaintiff contends in those Notices that he did not receive copies of certain specified documents despite the Clerk's Certificate of Service filed on February 28, 2011, and asserts that these documents are necessary for him to compose a meaningful motion for reconsideration for the Court.

Having considered Plaintiff's Notices, I will direct the Clerk's Office to make a copy of the documents specified in the Notices free of charge and send them to Plaintiff. This is, however, the last time that I will order production of documents for free to Plaintiff. Plaintiff shall then file his motion for reconsideration consistent with this Order and my Order of February 14, 2012, within twenty (20) days of receipt of those documents.

In conclusion, it is

ORDERED that "Plaintiff's Motion for Reconsideration of His Previously Filed 'Plaintiff's Information for Temporary Restraining Order [ECF No. 31]; Plaintiff's Motion for Clarification [ECF No. 37]; Plaintiff's Motion for Appointment of Counsel [ECF No. 47]; and Plaintiff's Renewed and Supplemental Motion for Appointment of Counsel' All in Light of Reopening of the Case" filed March 2, 2012 (ECF No. 112) is **DENIED**. It is

FURTHER ORDERED that "Plaintiff's Motion for *De Novo* Review/Reconsideration by U.S. District Court Judge of Motion for Appointment of Counsel [ECF No. 47]; Plaintiff's Renewed and Supplemental Motion for Appointment of Counsel', Motion to Proceed on Claim of Unconstitutionality as well as for Ruling on 'Motion for Limited Discovery' [ECF No. 140] All in Light of Reopening of the Case" filed April 3, 2012 (ECF No. 116) is **DENIED**. It is

FURTHER ORDERED that the Clerk of Court shall copy and provide to Plaintiff a copy of the documents from this case that are specified in his Notices filed on March 2 and March 27, 2012 (ECF Nos. 113 and 115). Finally, it is

ORDERED that Plaintiff may file a motion for reconsideration that addresses only the Court's March 2, 2011 Order and why he contends that the Recommendation of

February 7, 2011 should not have been affirmed in that Order within twenty (20) days of receipt of the documents from the Clerk's Office.

Dated: April 24, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge