IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

　　Plaintiff,

v.

BOBYN CAFASSO;
WILLIAM EDIE;
JEANIE SMITH;
DAVID ZOOK;
JOHN NEWSOME;
DAN MAY;
LINDA DIX; (All in their individual and official capacities);
RAYMOND SANTISTEVAN;
RONALD WILKINS;
ANDREA WALTON;
DEBBI PARR; JOHN RUSZCZYK (All in their individual and official capacities); and
JOHN DOE, JANE DOES, DOES I-X,

　　Defendants.
_____

**ORDER**
_____

　　This matter is before the Court again on several filings. By way of background, a Recommendation of United States Magistrate Judge was issued in this case on February 7, 2011, which recommended dismissal of certain claims and that Plaintiff's federal claims for monetary damages be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until the state proceeding is final. It also recommended that the case be administratively closed pending a showing of good cause to reopen after the state proceedings were final. After no objections were received to the Recommendation, I issued an Order on March 2, 2011, affirming and adopting the Recommendation and administratively closing the case.

Plaintiff's appeal was dismissed for lack of jurisdiction, and Plaintiff then filed a number of motions, including a motion for enlargement of time to file a motion for reconsideration of my March 2, 2011 Order. Plaintiff indicated therein that he had not received the Recommendation issued on February 7, 2011. By Order of February 14, 2012, I reopened the case and permitted Plaintiff to file a motion for reconsideration by February 29, 2012. Additional motions were then filed and by Order of April 24, 2012, the Clerk of Court was directed to provide a copy of filings in this case that Plaintiff claimed he did not have. Plaintiff was also given an extension of twenty (20) days after receipt of those documents to file the motion for reconsideration.

Thereafter, Plaintiff continued to complain that he had not received all the filings in this case. On July 12, 2012, I issued a Minute Order noting that Defendants had represented that they mailed to Plaintiff the filings he alleged he had not received. In light of this, I found that Plaintiff should have the documents he needs to file the motion for reconsideration, and ordered that the motion be filed by August 24, 2012.

The parties then filed another round of motions. First, on July 12, 2012, the State Defendants filed a Motion for Reconsideration of the Court's Minute Order of that date. An Amended Motion for Reconsideration was filed on July 25, 2012. The State Defendants object therein to the Court's granting of the extension of time to Plaintiff as they have evidence confirming that the Department of Corrections has delivered the documents ordered by this Court to Plaintiff not once, but on multiple occasions. According to the State Defendants, the Department of Corrections ["DOC"] mail logs demonstrate that DOC has repeatedly provided Plaintiff with the pleadings sent by the Clerk of this Court, and that Plaintiff is disingenuous in his repeated filings stating he has not received the documents.

Thus, it is argued that Plaintiff is attempting to improperly extend the deadlines established by this Court. Plaintiff filed a response in opposition to the motion on July 23, 2012.

I will give Plaintiff the benefit of a doubt regarding the receipt of documents and deny the State Defendants' motion and amended motion for reconsideration of the July 12, 2012 Minute Order. I also deny Plaintiff's Motion for Enlargement of Time to Reply to Defendants' Amended Supplemental Motion for Reconsideration filed August 2, 2012, and his Motion for Copy of Docket # 142 and Enlargement of Time to Respond to it filed August 28, 2012, as I deem a reply unnecessary.

On August 9, 2012, Plaintiff filed an omnibus motion entitled "Motion for Ruling on Pending 'Motion to Proceed on Claim of Unconstitutionality (with Amended Prayer for Relief) Pursuant to FedCivP 5.1', Plaintiff's Information for Temporary Restraining Order [ECF No. 31], Plaintiff's Motion for Clarification [ECF NO. 37]; Plaintiff's Motion for Appointment of Counsel [ECF No. 47]; and Plaintiff's Renewed and Supplemental Motion for Appointment of Counsel and Request for Enlargement of Time to Respond to District Attorney Defendants and State Probation Officer Defendants' Joint Response to Plaintiff's Motion and Notice to Determine Constitutionality (Doc. No. 26)' Should Further Response by Plaintiff be Appropriate and Request for Status Telephonic Conference and Motion to Strike District Attorney Defendants and State Probation Officer Defendants' Joint Response to Plaintiff's Motion and Notice to Determine Constitutionality (Doc. No. 26)." This motion is denied. The motions referenced in the first part of the caption of Plaintiff's motion have all been ruled on, and I see no need for a telephone status conference. Further, I find no basis to strike the Joint Response filed by Defendants.

Finally, Plaintiff has filed motions for enlargement of time to reply to file his motion for reconsideration. Thus, on August 22, 2012, he filed a motion entitled "Plaintiff's Verified, Sworn Request for Enlargement of Time to Respond to 'Defendants' Joint Response to Plaintiff's Motion for Ruling ... And Request for Enlargement of Time....' dated August 9, 2012 and Plaintiff's Verified, Sworn Motion for Enlargement of Time to File His 'Motion for Reconsideration to the 2 March 2012 Order of United States District Court Chief Judge Wiley Daniel.'" That motion sought 21 days from receipt of the Order on the motion to file his motion for reconsideration. A Joint Response to Plaintiff's Motions for Enlargement of Time was filed on August 29, 2012, and Plaintiff filed a further document in support of his motions on September 5, 2012. On October 1, 2012, Plaintiff filed another Motion for Enlargement of Time, seeking an extension of time to November 2012 to file his motion for reconsideration, and making a number of other requests.

I will grant Plaintiff one final extension of time to file a motion for reconsideration, up to Thursday, November 1, 2012. I will not consider any motion for reconsideration filed after that time, and will also not entertain any further motions for enlargement of time. I deny Plaintiff's other requests in his motions for enlargement of time, including his request for an extension of time to respond to the Defendants' Joint Response, for a copy of the docket from September 1, 2012 onward, for a copy of filings in the case, and for judicial notice. The State Defendants have shown quite compellingly that Plaintiff has all the filings that he previously requested. Any filings by the Defendants in September are not necessary to or relevant in any to the motion for reconsideration that Plaintiff seeks to file, and I see no need for a reply from Plaintiff to Defendants' Joint Response to his motions for enlargement of time. Finally, given the numerous extensions of time granted to Plaintiff,

I find that he has had more than ample time to access the resources he needs to file his motion for reconsideration, and I reject any arguments to the contrary by Plaintiff.

In conclusion, it is

ORDERED that the State Defendants' Motion and Amended Motion for Reconsideration of the Court's Order of July 12, 2012 **(ECF Nos. 134 and 138)** are **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Enlargement of Time to Reply to Defendants' Amended Supplemental Motion for Reconsideration filed August 10, 2012 **(ECF No. 139)** is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Copy of Docket # 142 and Enlargement of Time to Respond to It filed August 28, 2012 **(ECF No. 145)** is **DENIED**. It is

FURTHER ORDERED that Plaintiff's omnibus motion filed August 9, 2012 **(ECF No. 136)** is **DENIED**. It is

FURTHER ORDERED that "Plaintiff's Verified, Sworn Request for Enlargement of Time to Respond to 'Defendants' Joint Response to Plaintiff's Motion for Ruling...And Request for Enlargement of Time....' dated August 9, 2012 and Plaintiff's Verified, Sworn Motion for Enlargement of Time to File His 'Motion for Reconsideration to the 2 March 2012 Order of United States District Court Chief Judge Wiley Daniel'" filed August 22, 2012 **(ECF No. 144)** and Plaintiff's Motion for Enlargement of Time filed October 1, 2012 **(ECF No. 148)** are **GRANTED IN PART AND DENIED IN PART**. They are granted to the extent that I grant Plaintiff one final extension of time up to and including **Thursday, November 1,**


**2012**, in which to file a motion for reconsideration of the Court's Order of March 2, 2011. It is denied as all other requests made in the motions. Finally, it is

ORDERED that **no further extensions of time will be granted**, **and any motion for reconsideration filed after October 30, 2012 will be stricken**.

Dated: October 18, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge