IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

    Plaintiff,

v.

ROBYN CAFASSO;
WILLIAM EDIE;
JEANIE SMITH;
DAVID ZOOK;
JOHN NEWSOME;
DAN MAY;
LINDA DIX; (All in their individual and official capacities);
RAYMOND SANTISTEVAN;
RONALD WILKINS;
ANDREA WALTON;
DEBBI PARR; JOHN RUSZCZYK (All in their individual and official capacities); and
JOHN DOE, JANE DOES, DOES I-X,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court yet again on several filings by Plaintiff.  I will not reiterate all of the lengthy background of this case, as it is explained in detail in prior Orders.  Suffice it to say that a Recommendation of United States Magistrate Judge was issued in February 2011, which recommended dismissal of certain claims, that Plaintiff's federal claims for monetary damages be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until the state proceeding is final, and that the case be administratively closed pending the finality of those proceedings.  No objections were filed, and I issued an Order on March 2, 2011, affirming the Recommendation and administratively closing the case.

Thereafter, Plaintiff sought an enlargement of time to respond to the February Recommendation or to file a motion for reconsideration, indicating that he had not received a copy of the Recommendation. He then filed an appeal. After the appeal was dismissed, I reopened the case by Order of February 14, 2012, and permitted Plaintiff to file a motion for reconsideration of the Court's Order. Since then, numerous extensions of time have been granted to Plaintiff to enable him to file a motion for reconsideration of the Court's Order affirming and adopting the Recommendation. The Court has also provided Plaintiff on several occasions with copies of the electronic docket and filings made in the case.

By Order of October 18, 2012, I granted Plaintiff one final extension of time to file a motion for reconsideration, up to Thursday, November 1, 2012. I specifically indicated in that Order that I would not consider any motion for reconsideration filed after that time, and would also not entertain any further motions for enlargement of time. (*Id.* at 5.) Indeed, I stated in the Order that any motion for reconsideration that was not timely filed would be stricken.[1] Finally, I found in that Order that despite complaints Plaintiff had not received all the filings in this case or was unable to proceed with filing a motion for reconsideration, Plaintiff has had more than ample time to access the resources he needs to file a motion for reconsideration given the numerous extensions of time Plaintiff has received. (*Id.* at 4-5.)

Despite the clear and plain language of the Order, Plaintiff proceeded to file numerous letters, an affidavit, and motions or other documents seeking further

---

[1] The Order then mistakenly stated in the conclusion that any motion for reconsideration filed after October 30, 2012, would be stricken. (*Id.* at 6.) Obviously, this should have stated that any motion for reconsideration filed after November 1, 2012, would be stricken.

enlargements of time to file the motion for reconsideration and/or other miscellaneous relief, including a renewed motion for reconsideration of his previous requests for appointment of counsel. (ECF Nos. 153-165, 169.) On January 2, 2013, Plaintiff filed a "Verified, Sworn Motion for Reconsideration of 2 March 2011 Order [Docket # 71] Including Motion for Leave to File Out-Of-Time Pursuant to FedRCivP 60(b)." (ECF No. 166.) Defendants filed Objections and Amended Objections to Plaintiff's motion for reconsideration on January 17, 2013. (ECF Nos. 167-68.)

While Plaintiff asserts in a document filed on March 8, 2013, that he did not receive a copy of the objections filed by Defendants and requests an extension of time to file a response to same, I deny this request. The objections are not the basis for this ruling. Instead, I find *sua sponte* that this case must again be administratively closed in accordance with my March 2, 2011 Order based on the fact that Plaintiff failed to timely file a motion for reconsideration as set forth in my Order of October 18, 2012. Plaintiff has been given numerous extensions of time to file the motion for reconsideration; indeed, the initial Recommendation in this case and Order affirming it were filed over two (2) years ago. The Court went well beyond what was required in assisting Plaintiff in an effort to allow him the opportunity to argue why the Court's Order of March 2, 2011 affirming and adopting the Recommendation should be reconsidered. Despite clear notice in the November 2012 Order that no further extensions of time would be granted and that any untimely motion for reconsideration would be stricken, Plaintiff failed to file a reconsideration motion by that date.

Even if I were to consider the untimely motion for reconsideration, it provides no basis to reconsider my Order of March 2, 2011, administratively closing the case. Plaintiff

has not shown any error or other basis for the Court to overrule that order. Accordingly, rather than strike the motion, I will deny it.

Based on the foregoing, it is

ORDERED that Plaintiff's motions seeking, among other things, an enlargement of time to file his motion for reconsideration of the Court's March 2, 2011 Order and his motion for reconsideration of his previous requests for appointment of counsel (ECF Nos. 156, 160, 161, 164 and 169) are **DENIED**. It is

FURTHER ORDERED that Plaintiff's Verified, Sworn Motion for Reconsideration of 2 March 2011 Order [Docket # 71] Including Motion for Leave to File Out-Of-Time Pursuant to FedRCivP 60(b)" (ECF No. 166) is **DENIED**. It is

FURTHER ORDERED that Defendants' Joint Objection and Amended Objection to Plaintiff's Verified, Sworn Motion for Reconsideration of 2 March 2011 Order [Docket # 71] Including Motion for Leave to File Out-Of-Time Pursuant to Fed.R.Civ.P. 60(b) (ECF Nos. 167 and 168) are **DENIED AS MOOT**. Finally, it is

ORDERED that this case is again **ADMINISTRATIVELY CLOSED** in accordance with my initial Order of March 2, 2011.

Dated: March 11, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge