IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01853-WYD-BNB

SANFORD B. SCHUPPER,

     Plaintiff,

v.

ROBYN CAFASSO, in his individual and official capacity,
WILLIAM EDIE, in his individual and official capacity,
JEANIE SMITH, in her individual and official capacity,
DAVID ZOOK, in his individual and official capacity,
JOHN NEWSOME, in his individual and official capacity,
DAN MAY, in his individual and official capacity,
LINDA DIX, in her individual and official capacity,
RAYMOND SANTISTEVAN, in his individual and official capacity,
RONALD WILKINS, in his individual and official capacity,
ANDREA WALTON, in her individual and official capacity,
DEBBI PARR, in her individual and official capacity,
JOHN RUSZCZYK, in his individual and official capacity, and
JOHN DOE, JANE DOES, DOES 1 - X,

     Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reopen the Case filed on August 15, 2015.  A Joint Response opposing the motion was filed on August 25, 2015, and a reply was filed by Plaintiff on September 8, 2015.

By way of background, I note that a Recommendation of United States Magistrate Judge was issued in February 2011 which recommended dismissal of certain claims, that Plaintiff's federal claims for monetary damages be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until the state proceedings were final, and that

the case be administratively closed pending the finality of the state court proceedings. No objections were filed, and I issued an Order on March 2, 2011, affirming the recommendation and administratively closing the case.

Thereafter, Plaintiff complained that he had not received the Recommendation and filed an appeal of my March 2, 2011 Order. After the appeal was dismissed, I reopened the case by Order of February 14, 2012, and permitted Plaintiff to file a motion for reconsideration of the Court's March 2, 2011 Order. Despite seeking and receiving numerous extensions of time to file a motion for reconsideration, Plaintiff did not timely file such a motion as stated in my Order of March 11, 2013. That Order also stated that even if I were to consider a motion to reconsider that was filed untimely by Plaintiff, it provided no basis to reconsider my March 2, 2011 Order administratively closing the case. Accordingly, per my Order of March 11, 2013, the case was again administratively closed in accordance with the initial order of administrative closure of March 2, 2011.

Plaintiff now seeks to reopen the case, asserting that he has established good cause for the reopening because the state proceedings are concluded. Defendants acknowledge in their response that the state proceedings are final, but object to the reopening on the basis that Plaintiff did not establish good cause for reopening the case. They assert that Plaintiff's motion is appropriately viewed as a motion to reconsider, and that Plaintiff did not establish good cause under that standard for reopening the case. I disagree.

My March 2, 2011 Order affirmed and adopted the Recommendation of United States Magistrate Judge of February 7, 2011. Magistrate Judge Boland noted therein that where a plaintiff asserts equitable claims and damage claims which are barred by the *Younger* abstention doctrine, as in this case, the district court should dismiss the equitable claims but not dismiss the action altogether. (Recommendation at 15.) He stated that "[a] finding in this case that the defendants violated the plaintiff's constitutional rights would have a preclusive effect in the state court proceedings"; "[t]herefore, the damage claims must be stayed pending finality of the state proceeding." (*Id.*) He then noted that "[t]he case may beneficially be administratively closed pending a showing of good cause to reopen by the plaintiff after the state proceedings are final." (*Id.*)

In affirming the Recommendation, I agreed with Magistrate Judge Boland's suggestion to administratively close the case in lieu of a stay, stating that the Tenth Circuit has construed administrative closure as the practical equivalent of a stay. (ECF No. 71, at 3.) Accordingly, I ordered that "in lieu of a stay of the remaining claims by Plaintiff (the federal claims for monetary damages), the case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, pending a showing of good cause to reopen by Plaintiff." (*Id.* at 4.) (emphasis in original.)

Thus, the case was effectively stayed via administrative closure, and the only requirement for reopening the case as to the federal claims for monetary damages was that the state court proceedings be final. Since Plaintiff has shown that this requirement is met, he has established good cause for reopening the case and I find that Plaintiff's

motion to reopen should be granted. Plaintiff was not required to file a motion for reconsideration, or to meet the standards of such a motion in connection with his motion to reopen.

Defendants also assert, however, that if the case is reopened they should be allowed to move for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b). They contend in that regard that the State Court litigation has been completed and all issues relevant to potential claims have been litigated in the State Court system. Defendants' request is appropriate. Once the case is reopened, Defendants may file a motion to dismiss which will be decided on the merits after briefing by all parties.

In conclusion, it is

ORDERED that Plaintiff's Motion to Reopen the Case (ECF No. )is **GRANTED**. The Clerk of Court shall reopen this case. It is

FURTHER ORDERED that since this case was previously drawn to Magistrate Judge Boland who is no longer with the Court, the Clerk of Court shall assign a new magistrate judge.

Dated:  September 30, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge