# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01853-WYD-NYW

SANFORD B. SCHUPPER,

    Plaintiff,

v.

ROBYN CAFASSO;
WILLIAM EDIE;
JEANNE SMITH;
DAVID ZOOK;
JOHN NEWSOME;
DAN MAY;
LINDA DIX; (all in their individual and official capacities);
RAYMOND SANTISTEVAN;
RONALD WILKINS;
ANDREA WALTON;
DEBBI PARR;
JOHN RUSZCZYK; (all in their individual and official capacities); and
JOHN DOE, JANE DOES, DOES I-X,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Sanford B. Schupper's ("Plaintiff" or "Mr. Schupper") Motion for Leave to File an Amended Complaint, filed on October 2, 2015 [#189] (the "Motion for Leave to File Amended Complaint"), Plaintiff's Motion for the Appointment of Counsel and Enlargement of Time to Reply to the Defendants' Response[1] to

---

[1] On October 22, 2015, Defendants Robin Cafasso, William Edie, Jeanie Smith, David Zook, John Newsome, Dan May, and Linda Dix filed a Response in opposition to Plaintiff's Motion for Leave to File an Amended Complaint, arguing that leave should be denied as futile. [#192].

Plaintiff's Request for Leave to Amended Complaint, filed on October 26, 2015 [#194] (the "Motion for Appointment of Counsel and Extension of Time"), and Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed on October 26, 2015 [#195] ("Motion for Leave to Proceed *In Forma Pauperis*") (collectively, the "Motions"). Pursuant to the Order Referring Case dated August 6, 2010 [#2], the September 30, 2015 Reassignment [#187], and the Memoranda dated October 2, 2015 [#190] and October 27, 2015 [#196], the Motions are before this Magistrate Judge.

## ANALYSIS

### I.     Motion for Leave to File an Amended Complaint

Plaintiff's Motion for Leave to File an Amended Complaint relies entirely on Plaintiff's assertions that "An Amended Complaint would be appropriate to address remaining claims and correct my previous pleading deficiencies," and that Plaintiff should be granted leave "to file an Amended Complaint and re-plead as may be necessary, due to the passage of time and events, the matters ruled to be moot." [#189 at 2] (citation and quotation omitted). After service of a responsive pleading, Federal Rule of Civil Procedure 15(a) requires that any request for leave to amend be made by way of motion. Pursuant to Fed. R. Civ. P. 7(b)(1), any motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." As the Tenth Circuit has held, a party seeking leave to amend must accordingly at minimum provide notice of the "particular basis for the amendment" to the other parties and the

---

Defendants Raymond Santistevan, Ronald Wilkins, Andrea Walton, Debbie Parr, and John Ruszczyk have not responded to Plaintiff's Motion for Leave to File an Amended Complaint. Because the court is unable to discern the substance of any proposed amendment sought by Plaintiff's Motion for Leave to File Amended Complaint for the reasons addressed below, the court does not in this order reach the issue of whether amendment would be futile.

2

court.  *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999).  The Local Rules of this District accordingly require that any motion for leave be accompanied by a filing including a copy of any proposed amended complaint in its entirety, which indicates through the use of interlineations and underlining, the substance of the proposed amendment.  D.C.COLO.LCivR 15.1.

Mr. Schupper has not tendered a proposed Amended Complaint in the form contemplated by the Local Rules of this District, nor has he described the content of any proposed amendment to his prior pleadings. [#189].  Because the court is unable to discern the substance of any proposed amendment on the record before it, and because Plaintiff's general statements are insufficient to establish a basis for amendment pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint [#189] is hereby DENIED, without prejudice.

## II.     Appointment of Counsel

To the extent Plaintiff's Motion for the Appointment of Counsel and Extension of Time [#194] seeks an extension of time to file a Reply in support of Plaintiff's Motion for Leave to File Amended Complaint, the Motion is DENIED as moot.  Plaintiff's Motion for Appointment of Counsel and Extension of Time also requests that the court appoint counsel to represent Plaintiff in this matter.  The trial court exercises its discretion in determining whether to appoint counsel in a civil case.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111,

1115 (10th Cir. 2004) (citations omitted). The court also considers the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Part III.C. of the U.S. District Court's Pilot Program to Implement A Civil Pro Bono Panel, www.cod.uscourts.gov/Court Operations/RulesProcedures/PilotProjects.aspx. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted). On review of Plaintiff's Complaints and other relevant portions of the case file in this action, the court is not persuaded on the record before it that the merits and complexity of this case warrant appointment of counsel, or that counsel is necessary to allow Plaintiff to pursue his claims to the extent they have merit. The court accordingly cannot conclude that the interests of justice would be served by appointment of civil counsel, and orders that the Motion for Appointment of Counsel of Counsel and Extension of Time [#194] be DENIED.

### III.     Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [#195] is DENIED without prejudice. As an initial matter, it appears that the filing fee of $350 has already been paid in this matter. [#1]. Nevertheless, should Plaintiff wish to proceed without prepayment of fees or costs, Plaintiff is directed to complete and file the "Application to Proceed in District Court Without Prepaying Fees or Costs" form available at the United States District Court for the District of Colorado's website at the following address:

http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx.

## CONCLUSION

For the reasons stated above, this court respectfully **ORDERS** that:

(1) Plaintiff's Motion for Leave to File an Amended Complaint [#189] is **DENIED** without prejudice,

(2) Plaintiff's Motion for Appointment of Counsel and Extension of Time [#194] is **DENIED**, and

(3) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [#195] is **DENIED** without prejudice.

DATED:  November 4, 2015                    BY THE COURT:

                                            s/ Nina Y. Wang_____
                                            United States Magistrate Judge