**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01853-WYD-NYW

SANFORD B. SCHUPPER,

       Plaintiff,

v.

ROBYN CAFASSO,
WILLIAM EDIE,
JEANNE SMITH,
DAVID ZOOK,
JOHN NEWSOME,
DAN MAY,
LINDA DIX
RAYMOND SANTISTEVAN,
RONALD WILKINS,
ANDREA WALTON,
DEBBI PARR,
JOHN RUSZCZYK (all in their individual and official capacities), and
JOHN DOE, JANE DOES, DOES I-X,

       Defendants.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

       This civil action comes before the court on Plaintiff Sanford B. Schupper's ("Plaintiff" or

"Mr. Schupper") Verified Motion for Reconsideration Re The Appointment of Counsel and

Plaintiff's Request for Leave to Amend Complaint (the "Motion for Reconsideration") [#198,

filed Nov. 16, 2015] and Plaintiff's Verified Motion for Enlargement of Time to File Response

to Defendant's Motion to Dismiss ("Motion for Enlargement of Time") [#204, filed Dec. 16,

2015].  Pursuant to the Order Referring Case dated August 6, 2010 [#2], the September 30, 2015

Reassignment [#187], and the memorandums dated November 17, 2015 [#200] and December 17, 2015 [#205], the Motions are before this Magistrate Judge.

## ANALYSIS

### I.    Motion for Reconsideration

In his Verified Motion for Reconsideration Re the Appointment of Counsel and Plaintiff's Request for Leave to Amend Complaint, Mr. Schupper asks the court to reconsider its ruling in the order dated November 4, 2015 in which the court denied appointment of counsel for Mr. Schupper and denied without prejudice his request to file an amended complaint. [#198 at 3]. Mr. Schupper asks the court to reconsider its denial of appointment of counsel because he suffers from a medical condition that "absolutely precludes his effective self-litigation of this matter." [*Id.* at 2]. He also attaches a letter from his physician in support of the Motion for Reconsideration. [#199-1]. Mr. Schupper therefore requests that the court appoint him counsel and grant him leave to amend his complaint after counsel is appointed. [#198 at 3].

Plaintiff seeks reconsideration of a non-final order, thus their Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing

cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). Nonetheless, the prevailing approach demonstrates that courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See James v. Dunbar*, No. 09-cv-02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010). This court considers Mr. Schupper's tender of a letter from his physician as a proffer of "new evidence."

While acknowledging that Mr. Schupper's medical condition and the letter from his doctor weigh in favor of appointing counsel, the court nonetheless finds that under the totality of the circumstances, appointment of counsel is not in the interest of justice. As the court explained in its November 4 order, after a review of Plaintiff's Complaints and other relevant portions of the case file in this action, the court is not persuaded on the record before it that the merits of this case warrant appointment of counsel. Mr. Schupper's 24-page Complaint in this case alleges actions involving his criminal cases as far back as 1995, and may implicate issues raised in other cases filed by Mr. Schupper in this District. *See, e.g.*, *Schupper v. Fourth Jud. DAs Ofc*, No. 98-cv-02029-LTB (D. Colo). The court also notes that Mr. Schupper's involvement in numerous cases in the past suggests that is he familiar with the litigation process, and in at least one case, he has been specifically instructed by the court as to the requirements for his filings. *See e.g.*, *Schupper v. Colo. Dep't of Corrections*, No. 12-cv-02009-WYD-BNB, ECF No. 87[1] (D. Colo.). In addition, the unspecified nature of the interrelationship of Mr. Schupper's cases, and Mr. Schupper's course of conduct in prior litigation suggest that finding an appropriate *pro bono* counsel for appointment would be unlikely.

Accordingly, the court declines to appoint Mr. Schupper counsel.

---

[1] I use the convention of [ECF No. ___] to denote a docket entry in the court's Electronic Filing System in a separate case.

Regarding Mr. Schupper's renewed request to file an amended complaint, Mr. Schupper has still not provided with particularity an explanation of the amendments he seeks to make or the particular basis for the amendments. *See* Fed. R. Civ. P. 7(b)(1); *Calderon v. Kan. Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Nor has Mr. Schupper filed a copy of any proposed amended complaint in its entirety, which indicates through the use of interlineations and underlining, the substance of the proposed amendment. *See* D.C.COLO.LCivR 15.1. The court notes that its November 4 Order denied Mr. Schupper's motion to amend his complaint without prejudice. Should Mr. Schupper file a motion to amend his complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District, the court will consider the merits of that motion.

## II.    Motion for Enlargement of Time

On December 16, 2015, Mr. Schupper filed a Verified Motion for Enlargement of Time to File Response to Defendant's Motion to Dismiss. [#204]. In the Motion for Enlargement of Time, Mr. Schupper requests an extension of the deadline to file his response to the pending Motion to Dismiss [#202] until the court has ruled on his Motion for Reconsideration. [#204 at 2]. To the extent that the court grants Mr. Schupper's request for appointment of counsel, then he asks that the court allow the appointed counsel sufficient time to respond to the Motion to Dismiss. [*Id.*]. If Mr. Schupper's renewed request for appointment of counsel is denied, he asks for 90 days from the date of the court's order on the Motion for Reconsideration to prepare his response to the Motion to Dismiss. [*Id.*].

As discussed above, the court denies Mr. Schupper's Motion for Reconsideration and declines to appoint him counsel. The court will, however, grant Mr. Schupper an extension of

time to respond to the pending Motion to Dismiss.  The current deadline for Mr. Schupper's response to the Motion to Dismiss is December 28, 2015.  Mr. Schupper requests that if he is not appointed counsel he be given 90 days from the date of this order.  [#204 at 2].  The court finds that a 90 day extension is unwarranted, particularly given how long this case has been pending. The court will nonetheless grant Mr. Schupper a 60-day extension of his current deadline to file a response to the Motion to Dismiss.  Mr. Schupper shall therefore file his response to the Motion to Dismiss on or before February 26, 2016.

Mr. Schupper is further reminded that all of his filings must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District and must be served on counsel for all other parties.  To the extent that Mr. Schupper fails to comply with this direction, this court may *sua sponte* strike any non-compliant filing.

## CONCLUSION

For the reasons stated above, this court hereby **ORDERS** that:

(1) Plaintiff's Verified Motion for Reconsideration Re The Appointment of Counsel and Plaintiff's Request for Leave to Amend Complaint [#198] is **DENIED**, and

(2) Plaintiff's Verified Motion for Enlargement of Time to File Response to Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff shall file his response to Defendants' Motion to Dismiss on or before **February 26, 2016**.

DATED:  December 23, 2015                    BY THE COURT:

                                             s/ Nina Y. Wang
                                             United States Magistrate Judge